IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KINGLEW INVESTMENTS, INC., *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE RURAL<br>DEVELOPMENT, USDA, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:20-00501-KD-N<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

This action is before the Court *sua sponte*. Plaintiff KingLew Investments, Inc. ("KingLew") was ordered twice by the Court to obtain licensed counsel by November 18, 2020. (*See* Docs. 4, 7). KingLew has yet to comply with these orders, despite warnings that the Court would enter a recommendation that KingLew's claims be dismissed if the orders are ignored. (*See* Doc. 4, PageID.66; Doc. 7, PageID.90). Upon consideration, the undersigned **RECOMMENDS** that KingLew's claims be **DISMISSED without prejudice**. The claims brought by *pro se* Plaintiff Giles ("Giles") are not affected by this recommendation.

**I. Background**

Giles brought this action on behalf of himself (i.e., *pro se*) and KingLew Investments, Inc. (*See* Doc. 1, PageID.27). Upon finding that KingLew, a corporation, was proceeding *pro se*, the Court entered a *sua sponte* order on October 19, 2020 directing KingLew to obtain licensed counsel by November 18, 2020, following

binding Eleventh Circuit precedent. (Doc. 4, PageID.66). In this order, the Court advised the parties that "while Giles can bring and prosecute this action on his own behalf, he cannot do so on behalf of KingLew, a corporation." (Doc. 4, PageID.66) (footnote omitted). Further, the Court warned KingLew that failure to comply with the order would "result in entry of a recommendation that the Court dismiss KingLew's claims without prejudice *sua sponte* for failure to prosecute and/or to obey a Court order." (Doc. 4, PageID.66). In response, Giles, the "president and director" of KingLew, purportedly appointed himself as counsel for KingLew. (Doc. 6, PageID.81). Giles does not purport to be a licensed attorney. (*See* Doc. 6). The Court denied this appointment on October 29, 2020, again citing binding Eleventh Circuit precedent mandating that a corporation must be represented by licensed counsel and warning KingLew that failure to obtain licensed counsel by November 18, 2020 would lead to a recommendation that the Court dismiss KingLew's claims without prejudice. (Doc. 7, PageID.89–90). KingLew failed to obtain licensed counsel by this deadline and has yet to comply with the Court's orders.

## II. Discussion

KingLew's claims should be dismissed without prejudice given its failure to comply with Court orders despite repeated warnings. "Rule 41(b) provides: 'For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.' " *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (citing Fed.

R. Civ. P. 41(b)). "The Supreme Court also has held that '[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . .' " *Betty K Agencies, Ltd.*, 432 F.3d at 1337 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing sua sponte, many of our decisions elide this neat distinction." *Betty K Agencies, Ltd.*, 432 F.3d at 1337. Rule 41(b) also provides that dismissal for failure to follow a court order "operates as an adjudication on the merits" unless "the dismissal order states otherwise." Fed. R. Civ. P 41(b). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, *pro se* litigants who ignore court orders are subject to sanctions like any other litigant. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

"To dismiss a complaint under Rule 41(b), a district court must find: (1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice." *Haji v. NCR Corp.*, No. 19-13507, 2020 WL 6891998, at *2 (11th Cir. Nov. 24, 2020) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). "A dismissal under Rule 41(b) is a 'sanction of last resort' that should only be used in the most extreme cases." *Id.* (quoting *Goforth*, 766 F.2d at 1535). "However, where a litigant has been

forewarned of the possibility of dismissal as a potential sanction, the ultimate dismissal of his case is generally not an abuse of discretion." *Id.* (citing *Moon*, 863 F.2d at 837).

Here, KingLew was given ample warning of the consequences of its failure to comply with the Court's repeated orders to obtain counsel. (*See* Doc. 4, PageID.66; Doc. 7, PageID.90). Further, KingLew's attempt to appoint Giles as its counsel demonstrates clear contempt of the Court's orders explaining that binding Eleventh Circuit precedent prohibits KingLew from being represented by its president. (*See* Doc. 4, PageID.65–66; Doc. 7, PageID.89–90). Sanctions short of dismissal will not suffice here as demonstrated by KingLew's disregard for the Court's orders. Also, KingLew's claims cannot proceed with Giles as its purported counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel. . . . [This] rule applies even where the person seeking to represent the corporation is its president and major stockholder."). Accordingly, KingLew's claims should be dismissed without prejudice.

### III. Conclusion

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the that KingLew's claims against the Defendants in this action be **DISMISSED without prejudice** under

Federal Rule of Civil Procedure 41(b). The claims brought by Plaintiff Giles ("Giles") are not affected by this recommendation.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of December 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**