IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEWIS GILES, JR., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE RURAL DEVELOPMENT,)<br>*et al.*, )<br>    Defendants. ) | CIVIL ACTION 2:20-00501-KD-N |

**ORDER**

This matter is before the Court on Plaintiff's Rule 55(a) Motion for Entry of Default against the Defendants, construed as a Rule 55(a) Application for Entry of Default by the Clerk. (Doc. 36).[1] As grounds, Plaintiff asserts that Defendants have failed to plead or otherwise defend.

**I.    Background**

On October 14, 2020, Plaintiffs (then Lewis Giles, Jr. (Giles) and KingLew Investments, Inc.) initiated this action against the USDA Rural Development and three (3) individual defendants (Nivory Gordon, Jr., John M. Moncus, Jr., and Debra Kennedy). (Doc. 1). On October 15, 2020, four (4) summonses issued. (Doc. 3). On October 21, 2020, Giles submitted those summons as returned as executed, asserting the Defendants were properly served October 19, 2020. (Doc. 5). However, this was not accurate.

On December 20, 2020, Giles moved for entry of default against the Defendants. (Doc. 12). As set forth in the Court's Order denying same:

---

[1] The Court does not address any items in the motion unrelated to the entry of a Rule 55(a) default, apart from stating: 1) there is no default hearing scheduled for April 12, 2021 and Giles cannot unilaterally scheduling Court hearings; and 2) KingLew Investments, Inc. was terminated as a party on 1/8/21 so any filings by Giles should not include KingLew as a Plaintiff or reference KingLew as litigating this action.

1

> A review of the documents indicates that the while summons issued via USPS, there are no certified mail return receipts submitted for any of the four (4) summonses confirming service on the Defendants.  At best, Plaintiffs have only submitted, for two (2) of the Defendants, a computer printout from what appears to be a USPS tracking website indicating only "delivered, left with Individual" for the USDA in Camden, AL, and "delivered, front desk/reception/mail room for the USDA in Montgomery, AL.  There is no indication as to whether they were delivered to a designated agent for service for the USDA, or any other indication as to the correctness of the service (that service was perfected), or that the specific individual defendants were actually served.  Further, service, as a whole, appears to be improper and thus ineffective.  This is because Plaintiffs served the Defendants by serving the United States Attorney *for the Middle District of Alabama.*  Plaintiffs' case is not pending in the Middle District of Alabama.  Plaintiffs' case in pending in the Southern District of Alabama.  Pursuant to Fed.R.Civ.P. Rule 4(i)(1)(A)(i)-(ii), the United States Attorney for the district where the action is brought (or a designated employee) must be served personally, or served by registered or certified mail, with a copy of the complaint and a copy of the summons.  Plaintiffs did not comply with this rule and service procedure.  As such, Defendants have not been properly served (perfected).
>
> Regardless, even if service had been perfected on the Defendants on October 19, 2020, their answer would be due 60 days later, December 18, 2020.  On December 18, 2020, the Defendants timely moved for an extension of time within which to answer or respond to the Complaint. (Doc. 11). Later that same day, *after* Defendants filed their motion, Plaintiffs moved for entry of default against the Defendants, claiming that the Defendants had failed to appear or otherwise defend the case. Clearly, Plaintiffs' assertion was incorrect. Further, the Court granted an extension to the Defendants, until January 15, 2021, to answer or otherwise defend this case.
>
> In sum, this is not a circumstance where a party has failed to plead or otherwise defend an action...

(Doc. 17).  On January 14, 2021, Giles filed a second motion for entry of default against the Defendants, which the Court denied.  (Docs. 20, 26).

On January 19, 2021 new summonses issued to the Defendants, and on January 29, 2021, Giles submitted the summonses as proof that such had been "returned executed."  (Doc. 31).  The summonses indicate service via USPS First Class certified mail on Defendant Kennedy on January 23, 2021 (with the signature "Covid 10" and the rest illegible) (Doc. 31 at 3), service via USPS First Class certified mail on Defendant Moncus on January 23, 2021 (with the signature "JM CV 19") (Doc. 31 at 6), service via USPS First Class certified mail on the USDA c/o US Attorney's

2

Office on January 23, 2021 (with the signature "TC 206 Cov 19" US Attorney) (Doc. 31 at 9), and service via USPS First Class certified mail on the USDOJ, Attorney General, to Jeffrey A. Rosen's attention and the USDA (with an illegible signature) on January 25, 2021 (Doc. 31 at 12). There is no submitted proof of executed service as to individual Defendant Nivory Gordon, Jr. in Doc. 31. There is also no indication that the actual individuals to be served, were served, and/or that the proper agent for service of process was served. The "signatures" are mostly illegible and are not identified as executed by any particular person or designated agent -- rather, just "left with individual." Giles also offers no explanation or further proof of perfection of service. Nevertheless, on April 5, 2021, Giles filed a third motion for default against the Defendants. (Doc. 36). Giles' motion seeks default against all of the Defendants based on the January 2021 service documents.

**II.     Discussion**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default by the Clerk of Court. *However*, a defendant is under no obligation to plead or otherwise defend *until* and *unless* it is "served with the summons and complaint." Id. Rule 12(a)(1)(A); *accord* Securities and Exchange Commission v. Wright, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "b]efore a default can be entered...the party must have been effectively served with process." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998).

At the outset, there is no submitted proof of service as to Defendant Nivory Gordon, Jr. and Giles' motion as to Gordon is **DENIED**. Additionally, as clarified in the USDA's filing (Doc. 34), the U.S. Attorney for the S.D. Ala. has appeared in this case on behalf of the USDA Defendant

3

but not on behalf of the individual defendants. Yet even if the Court assumes *arguendo* that service on the USDA was perfected in January 2021 (which is unclear),[2] the USDA has appeared and has been litigating this case since December 18, 2020 such that entry of a default -- for failure to plead or otherwise defend -- lacks merit; thus, Giles' motion against the USDA is **DENIED.** With regard to individual defendants Moncus and Kennedy, while they have not appeared, plead, or otherwise defended in this case, there are questions surrounding perfection of service. Indeed, given the absence of Moncus and Kennedy's actual signatures, there is no indication as to the correctness of service (that service was perfected on them), or that these individual defendants were even served. Giles' motion offers no explanation or further support for entry of a default against them. As such, Giles' motion for default against Moncus and Kennedy is **DENIED** at this time.

      **DONE** and **ORDERED** this the **7th** day of **April 2021.**

                                              /s/ Kristi K. DuBose
                                              **KRISTI K. DuBOSE**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] This is also disputed by the USDA in a pending motion to dismiss (Doc. 21).