**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LEWIS GILES,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION 2:20-00501-KD-N** |
| **UNITED STATES DEPARTMENT OF** ) | |
| **AGRICULTURE RURAL DEVELOPMENT,** ) | |
| *et al.,* ) | |
|     **Defendants.** ) | |

**ORDER**

This matter came before the Court on April 28, 2021 for a hearing on Defendant United States Department of Agriculture Rural Development (USDA)'s motion to dismiss (Doc. 21) and the USDA's Reply/Supplement (Doc. 32).

Specifically, on April 14, 2021, the Court ordered this matter to be set for a hearing on April 28, 2021. (Doc. 39). In so doing, the Court specifically cautioned Giles, who is proceeding *pro se*, that: "[f]ailure of Giles to appear as required will result in dismissal of the case." (Doc. 39 at 2).[1]  Giles subsequently filed a pleading wherein he attached the first page of the court's order with the word "void" written at the top, evidencing his receipt of the order. (Doc. 41 at p. 12).[2]

On April 28, 2021, the Court held the hearing on the USDA's motion to dismiss for failure to effectuate timely and proper service on the defendants.  Counsel for the USDA appeared.  *Pro*

---

1 Also, as early as October 19, 2020 (and thereafter), Giles was warned that his failure to comply with orders of the court will result in dismissal of his claims and/or this case without prejudice *sua sponte* for failure to prosecute and/or obey court orders.  (Doc. 4 at 2; Doc. 7 at 3-4; Doc. 39).

2 Also, UPS tracking information confirms delivery to Giles of Doc. 39 at 10:50 a.m. on April 16, 2021.

*se* plaintiff Lewis Giles (Giles) did not appear as ordered.  As explained on the record, the Court's intent in holding the hearing was to deny the motion, explain to Giles the proper procedure for service and give Giles an additional opportunity to properly serve the remaining defendants.  The Court had also hoped to explain to Giles the role of the Court and his responsibilities as a litigant. Unfortunately, Giles has chosen to ignore the directives of the Court and instead continues to file ineffective, nonsensical and frivolous pleadings.  Accordingly, Giles' case is due to be dismissed because he has failed to obey orders of the Court, by failing to appear at the April 28, 2021 hearing as ordered - which this Court deems a failure to prosecute his case.[3]

While *pro se* filings are held to a less stringent standard than those drafted by counsel and are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court.  Stated simply, a *pro se* litigant cannot ignore court orders.  See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-803 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order).  Even for *pro se* litigants, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Thomason v. Alabama Home Builders Licensure Bd., 741 Fed. Appx. 638, 640-641 (11th Cir. 2018) (citations omitted) (affirming dismissal and finding that the district court did not abuse its discretion by dismissing a *pro se* litigant's case based on his disregard for the court's instructions).

---

3 The Court confirmed Giles' receipt of Doc. 39, the Order setting the April 28, 2021 hearing, such that the undersigned is satisfied that he received notice.  For instance, Giles filed the first page of Doc. 39 in Doc. 41, and UPS tracking information confirms delivery to Giles of Doc. 39 at 10:50 a.m. on April 16, 2021.

Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss ... [the] ... entire action for failure to prosecute or obey a court order or federal rule[]"). Additionally, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id. (citing Link v. Wabash R.R., 370 U.S. 626, 630-631 (1962)).[4] See also e.g., Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-1338 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b), and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

Due to Giles' failure to comply with the Court's order (Doc. 39), and upon consideration of the alternatives available, it is **ORDERED** that this case is **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

Moreover, the Court's review of the record reveals continuous improper filing activity on CM/ECF by Giles. Giles has repeatedly filed nonsensical, frivolous, and duplicative documents consuming the resources of the Court. These include, but are not limited to, the following: 1) orders of this Court that Giles has - stamped or marked as "VOID" and then re-filed with the Court;

---

4 "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve[] the orderly and expeditious disposition of cases."

2) subpoenas and "orders" issued, signed and/or authored by Giles, which in some instances appear to set "hearings" in this case; 3) Giles proclaiming himself as an attorney, though he is not, and attempting to litigate his case as counsel including signing his pleadings "As Counsel for KingLew Investments, Inc. and Lewis Giles Jr." in spite of the Court's previous orders explaining that he cannot represent a incorporated entity; 4) Giles demanding disqualification of opposing counsel without justification; 5) repeated motions for entry of default and/or default judgment against defendants without proper service and/or without effective service being established; and 6) Giles repeatedly asserting he is "NOT bound by procedure" of this Court or otherwise as such "lacks Official Capacity" and "'The People' are 'The Court'" not the Judge or the SDAL but Giles is "The Court."

"The right of access to the courts 'is neither absolute nor unconditional.'" Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (citation and internal quotation marks omitted). District courts, through the All Writs Act, 28 U.S.C. § 1651(a) and their inherent powers, are authorized to limit access to courts by vexatious and abusive litigants for the purpose of preserving judicial resources for other persons. Id.; Procup v. Strickland, 792 F.2d 1069, 1073-1074 (11th Cir. 1986). Additionally, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup, 792 F.2d at 1073 (citation omitted). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1074. To curtail conduct that threatens the courts' resources, courts are instructed to tailor sanctions so the litigant still has access to courts, as compared to a blanket injunction prohibiting filing. Id. at 1070-1074. Thus, while "[a]ccess to the courts is unquestionably a right of

considerable constitutional significance[,]" it "is neither absolute nor unconditional." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008). Courts are obligated to impose "[c]onditions and restrictions on each person's access ... [as] necessary to preserve the judicial resource for all other persons." Id. The Eleventh Circuit and other courts have imposed restrictions on litigants' access without completely foreclosing access to courts. Id.

Giles' filings, and the mere fact that he filed this action, show that he is familiar with the website for the United States District Court for the Southern District of Alabama and its provisions contained under "Filing Without an Attorney" and "Electronic Case File." Under the "Electronic Case File," Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama ("Administrative Procedure"), "[t]he Clerk's Office or any judge may suspend or modify these procedures in a specific case, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of action and proceeding..." (I. The Electronic Filing System, (C) Definitions and Instructions at Page 2). The Administrative Procedure provides: "[p]ro se filers may also register for electronic filing, subject to approval by the Clerk's Office in its discretion" and may file paper originals which will be scanned by the Clerk's Office and uploaded into ECF. (III. Procedures for Certain Types of Filings, (B) Pro Se Filers, at Page 11). By making inappropriate filings in the present action, however, Giles has shown a lack of regard for the Court's resources.

Accordingly, it is **ORDERED** that through the Court's inherent powers to manage its docket, Link, 370 U.S. at 630-631, and to protect the Court's resources and their availability to other litigants, Giles' access to this Court's electronic filing system is **REVOKED**.[5]  The Clerk is

---

5 See, e.g., McNiece v. Town of Yankeetown, 817 Fed. Appx. 842, 847 (11th Cir 2020) (affirming the denial of the *pro se* plaintiff's request to use the electronic filing system as he did not meet the good cause

**DIRECTED** to take the necessary steps to accomplish this ruling. Additionally, the Clerk is **DIRECTED** to close Civil Action 2:20-00501-KD-N.

In the future, if Giles wants to enter a filing or pleading on the docket in this action, he shall submit a paper filing or pleading to the Court by mailing them to the Clerk's Office or presenting them in person at the Clerk's Office, after which the filing or pleadings will be pre-screened by the undersigned before being permitted to be docketed.  Any flings by Giles otherwise shall be *sua sponte* **STRICKEN.**

The address for mailing is: Clerk's Office, United States District Court for the Southern District of Alabama, 155 Saint Joseph Street, Mobile, Alabama 36602.

**DONE** and **ORDERED** this the **29th** day of **April 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

exception to the local rule that a *pro se* party must file a hard copy and noting he had access through the mail); McMahon v. Cleveland Clinic Foundation Police Dep't, 455 Fed. Appx. 874, 878 (11th Cir. 2011) (affirming the denial of access to electronic filing to the *pro se* plaintiff because good cause was not shown to create an exception to the administrative procedures that required a *pro se* filer to file any pleading and other paper in paper format); Hooker v. Wilkie, 2020 WL 6947482, *1 (M.D. Fla. Jun. 4, 2020) (the magistrate judge found the *pro se* plaintiff did not demonstrate good cause or extenuating circumstances for justifying an exception to the district's requirement that a pro se litigant must file all pleadings and documents in paper format with the Clerk's Office); Silver v. Immediate Credit Recovery, 2019 WL 11497659, *1-2 (N.D. Ga. Jun. 26, 2019) (the magistrate judge, observing the court's standing order only allowing attorneys in good standing electronic filing access, denied the *pro se* plaintiff's motion for permission for electronic case filing finding that her assertions fell short of justifying a deviation from its procedures); Hunter v. Ridling, 2015 WL 5833936, *1 (M.D. Ala. Oct. 6, 2015) (the magistrate judge's denial of the *pro se* plaintiff's motion for an exception, based on her indigency, to the local rules that disallowed *pro se* litigants' access to electronic filing was held by the Eleventh Circuit to be correct).